UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONICA ANDERSON, and
JOHN BLOUNT,

      Plaintiffs,

v.

BASHAWN GAINES,
SAMUEL GALLOWAY,
ALEXANDER ROTHS,
DEAN MAZINSKI,
ANN MOTT, and
CITY OF DETROIT

      Defendants.
_____/

CIVIL ACTION NO. 09-11193
DISTRICT JUDGE JOHN FEIKENS
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's City of Detroit's Motion for Partial Summary Judgment should be GRANTED, as Plaintiffs have failed to identify a specific custom or policy which contributed to, or resulted in, their alleged treatment.

\* \* \*

Plaintiffs, by and through retained counsel, filed the instant Complaint in the Wayne County Circuit Court against the City of Detroit and five Detroit police officers. The matter was removed to federal court on March 31, 2009. Plaintiffs alleged that they were physically assaulted by the five police officers while being apprehended and detained on August 20, 2008, without cause and in an attempt to inflict cruel and unusual punishment. Plaintiffs asserted that they were not being assaultive towards the police officers and that the use of such force against them was excessive. Plaintiffs claimed that the unreasonable force

used against them caused numerous physical injuries, and they sought compensatory and punitive damages.

Discovery closed on August 4, 2009. Defendant City of Detroit filed a Motion for Partial Summary Judgment on September 4, 2009, arguing that Plaintiffs cannot show that their civil rights were violated pursuant to an unconstitutional municipal policy. Plaintiffs have not filed a timely response.

STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id.  A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION AND ANALYSIS

The mere allegation of a constitutional violation, without legal or factual support, will not withstand a motion for summary judgment. <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986). Where the non-moving party will bear the burden of proof at trial on a dispositive issue, a grant of summary judgment is proper unless that party goes beyond the pleadings to demonstrate a genuine issue of fact. <u>Id</u>.

There is no proper basis alleged in the complaint for a claim against the City of Detroit. The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. <u>Monell v. NYC Department of Social Services</u>, 436 U.S. 658, 694 (1978). In failing to file a response to the dispositive motion, Plaintiffs effectively concede that there was not a specific custom or policy which contributed to, or resulted in, their alleged treatment. Accordingly, Defendant's City of Detroit Motion for Partial Summary Judgment should be granted.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Feikens' acceptance thereof is waived.

                                 s/Donald A. Scheer
                                 DONALD A. SCHEER
                                 UNITED STATES MAGISTRATE JUDGE

DATED: November 5, 2009

_____
**CERTIFICATE OF SERVICE**

I hereby certify on November 5, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 5, 2009: **None.**

                                 s/Michael E. Lang
                                 Deputy Clerk to
                                 Magistrate Judge Donald A. Scheer
                                 (313) 234-5217